**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| TRUIST BANK, formally known as | ) | |
| Branch Banking and Trust Company, | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. NO. N23C-02-243 DJB |
| v. | ) | |
| | ) | |
| JOSEPH B. ELAD, | ) | |
| Defendant. | ) | |

Submitted: November 3, 2023
Decided: November 3, 2023

## ORDER DISMISSING DEFENDANT'S COUNTERCLAIMS AND GRANTING WRIT OF POSSESSION

This 3rd day of November, 2023, upon consideration of both Plaintiff Truist Bank's ("Plaintiff"), Joshua Collins, Ballard Spahr LLP, and Brittany M Giusini (collectively, "Movants") Motion to Dismiss Counterclaims;[1] the Defendant Joseph B. Elad's ("Defendant") response,[2] Plaintiff's Reply Brief in Support of the Motion to Dismiss,[3] Defendant's "Bill of Complaint/Amended Counterclaim" ("Amended Counterclaim"),[4] the record of this civil action ("Ejectment Action"); and the record of the related *Sci Fa Sur* Mortgage Action (the "Foreclosure

---

[1] Truist Bank v. Elad, C.A. N23C-02-243 DJB, D.I. 20.
[2] D.I. 20.
[3] D.I. 22.
[4] D.I. 31.

Action"),[5] it appears to the Court that:

1.    On September 8, 2021, this Court entered judgment against Defendant Joseph B. Elad ("Defendant") in the Foreclosure Action.[6]

2.    Defendant unsuccessfully moved to stay and vacate the judgment in the Foreclosure Action on numerous occasions.[7]

3.    On March 8, 2022, 2700 Philadelphia Pike, Claymont, DE (the "Property") was purchased at Sheriff Sale by Plaintiff.[8]

4.    Following the sale, Defendant filed multiple amended counterclaims against Plaintiff alleging lack of due process, fraud, conspiracy, and judicial misconduct, among other theories.[9]  On June 30, 2022, the Court dismissed Defendant's counterclaims with prejudice, noting the time to file such counterclaims expired under Rule 13 of the Delaware Superior Court Rules of Civil Procedure.[10]  Notably, Defendant's counterclaims generally reasserted previously denied claims seeking to vacate or stay the Sheriff's Sale.[11]  Defendant continued to file repetitive motions, which led the Court to reject future filings

---

[5] N17L-06-100 EMD.
[6] N17L-06-100 EMD—D.I. 50, 53, 82.
[7] N17L-06-100 EMD—D.I. 53, 57, 59, 64, 73-74.
[8] N17L-06-100 EMD—D.I. 80.
[9] N17L-06-100 EMD—D.I. No. 77-78, 81, 86, 90.
[10] N17L-06-100 EMD—D.I. 82.
[11] N17L-06-100 EMD—D.I. 53, 59, 64.

from Defendant without leave of the Court.[12]

5. After the conclusion of the Foreclosure Action, Defendant continued to occupy the Property, prompting Plaintiff to file the instant Ejectment Action on February 28, 2023.[13]

6. On March 24, 2023, the Court issued a Rule to Show Cause, to which Defendant responded on April 25, 2023.[14] That same day, Defendant filed a host of counterclaims against Movants, which largely seek to relitigate issues considered and denied by this Court in the Foreclosure Action.[15]

7. On May 30, 2023, Movants formally moved for dismissal of the instant counterclaims.[16] Movants contend that Defendant's counterclaims have been raised or should have been raised in the Foreclosure Action and fail to meet the pleading requirements set forth in this Court's Civil Rules.

8. The first set of counterclaims sound in lack of due process, fraud, theft, and judicial misconduct.[17] These claims are substantially similar to the claims considered and rejected by this Court in the Foreclosure Action.[18] All elements under the doctrine of *res judicata*, which "exists to provide a definite end

---

[12] D.I. 95. In so deciding, the Court determined the repetitive filings were frivolous.
[13] D.I. 1.
[14] D.I. 3, 9.
[15] D.I. 10.
[16] D.I. 20.
[17] D.I. 10.
[18] N17L-06-100 EMD—D.I. 53, 59, 64, 82.

to litigation, prevent vexatious litigation, and promote judicial economy,"[19] are satisfied here.[20] Accordingly, the Court will not disturb its prior rulings in this civil action.[21] And, to the extent Defendant raises new claims not previously litigated in the Foreclosure Action, those claims are denied as they should have been raised in the Foreclosure Action, and not in the Ejectment Action.[22]

9. An ejectment action affords an out-of-possession landowner "to prove title to the land and, if successful, be granted possession of the disputed property."[23] "To establish a valid claim for ejectment, a plaintiff must show by a preponderance of the evidence that they are: (1) out of possession of the property; and (2) have a present right to possess the property."[24] Defendant's counterclaims

---

[19] *See LaPoint v. AmerisourceBergen Corp.*, 970 A.2d 185, 191 (Del. 2009)

[20] *Id.* at 192 ("*Res judicata* operates to bar a claim where the following five-part test is satisfied: (1) the original court had jurisdiction over the subject matter and the parties; (2) the parties to the original action were the same as those parties, or in privity, in the case at bar; (3) the original cause of action or the issues decided was the same as the case at bar; (4) the issues in the prior action must have been decided adversely to the appellants in the case at bar; and (5) the decree in the prior action was a final decree."(emphasis in original)).

[21] The original deciding court had jurisdiction to hear the matter, the same parties are present in each civil action, the alleged issues to be decided are the same, the issues were decided adversely to the moving party here, defendant, and a final decree was issued. *Mott v.* State, 49 A.3d 1186, 1189 (Del. 2012) citing Epstein *v. Chatham Park*, 153 A.2d 180 (Del. Super. 1959).

[22] *Id.* ("[T]he doctrine of *res judicata* serves to prevent a multiplicity of needless litigation of issues by limiting parties to one fair trial of an issue or cause of action which has been raised or should have been raised in a court of competent jurisdiction." (emphasis in original)).

[23] *Taylor v. Vanhorn*, 2023 WL 3946342, at *2 (Del. Super. Ct. June 9, 2023).

[24] *Id.*

are an impermissible collateral attack on the validity of Plaintiff's purchase of the Property at Sheriff Sale. The Court denies the arguments made in Defendant's counterclaim in full.[25]

10. The arguments Defendant raised in his Amended Counterclaim are likewise meritless as non-responsive to the ejectment action.[26] Even could they liberally be construed as responsive – which they are not – the filing is untimely and will be denied.[27]

11. As a result, Movant's Motion to Dismiss Defendant's Counterclaim is **GRANTED**; the Amended Counterclaim is **DISMISSED**.

12. Further, given that Defendant has failed to present the Court with a valid defense for the ejectment action, the Writ of Ejectment/Possession requested in the initial Complaint filed is **SO ORDERED.** The Court will not, however, award costs at this time. Plaintiffs are to provide the Court will the final Order, which should provide that Defendant has thirty (30) days to vacate the property before enforcement can be had.

---

[25] Defendant had filed a Motion for an In Person Hearing (D.I. 23) which, over the opposition of Plaintiff (D.I. 26), was granted by the Court (D.I. 27). Given various resource issues in conjunction with security concerns over the actions presented in the previous case, this hearing was allowed, but was held virtually. Defendant failed to appear for this hearing. D.I. 33.

[26] *Wells Fargo Bank, N.A. v. Banning*, 20020 WL 4102233, at *2, fn. 10 (Del. Super. 2022).

[27] See Super. Ct. Civ. R. 15(a).

**IT SO ORDERED.**

_____
Danielle J. Brennan, Judge


Cc:     Counsel via File&Serve Express
           Joseph E. Elad (via United States Postal Service)